## THE STATE, use of SUSAN WILLIAMS, vs. GEORGE H. WILLIAMS and NATHANIEL WILLIAMS.

Whilst proceedings in insolvency are pending before the county court, for the purpose of ascertaining and adjusting the claims of different creditors to dividends from the insolvent's estate, one of those creditors, whose claim is there disputed by the others, cannot maintain an action on the trustee's bond for alleged misconduct, neglect or fraud, in the administration of the estate.

The proper and only tribunal to adjust the claims of creditors of an insolvent's estate, *inter sese*, is the county court of the county where the insolvent petitions, and this court might have decided that the plaintiff was no creditor at all, and until this fact be determined he cannot sue upon the trustee's bond, as no one but a creditor can so sue.

APPEAL from Baltimore county court.

This was an action of *debt*, brought on the 20th of September 1847, by Susan Williams, the appellant, upon the bond of the appellee, George H. Williams, as trustee of George Williams, an insolvent debtor. The said insolvent obtained his personal discharge from one of the judges of the orphans court of Harford county, on the 19th of December 1843, and the trustee's bond was executed the same day.

To the replication charging various breaches the defendants filed numerous rejoinders, the third of which only is material to this appeal. This rejoinder in substance states, "that the said Susan Williams, in pursuance of notice given to the creditors of the insolvent, had filed her claim in Harford county court, that certain other creditors had excepted to said claim, charging, that it was barred by limitations, and that said exceptions were still pending when this suit was begun," &c. To this rejoinder the plaintiff demurred, but the court overruled the demurrer and gave judgment on demurrer for the defendants, and the plaintiff appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and MASON, J.

*Coleman Yellott* for the appellant.

1st. The plea of "pendency of a former suit," is only good where the *cause of action* is the *same. Douglas' Rep.*, 417. *Gould's Pleading*, 284, *sec.* 124. Such is not the present case. The contest in Harford county court is between *creditors*, here it is between a *creditor* and the *trustee.* The claim there is for a dividend from the assets *reported*, here it is for *damages* on account of loss to the estate of assets *not reported.*

2nd. It is not necessary, to give a right of action on the trustee's bond, that Harford county court should first pronounce upon the validity of the claim. That court might have decided that the claim was barred by limitations, and still its decision would have no effect upon this case, because the creditors may plead limitations as to each other, while the trustee cannot plead it as to creditors.

3rd. The trustee cannot plead limitations against creditors whose claims were not barred at the time of his appointment. 5 *H. & J.*, 430. *Willis on Trustees*, 223, 224, *(10 Law Lib.) Blanshard on Limitations*, 76, 77, *(1 Law Lib.)* The trustee cannot plead limitations *directly*, so he cannot do it *indirectly.* The plea made by the *creditors* cannot avail the trustee.

4th. As to exceptions by opposing creditors, limitations will run against a claim to the date of its being filed, but not so when the objection is made by the trustee. 1 *Bland*, 94, *Strike's case.* 2 *Bland*, 41, *Welch vs. Stewart.* 12 *G. & J.*, 36, *Gillespie vs. Creswell.* The same rule applies in insolvent cases as in equity. 1 *H. & G.*, 97, *McCulloh vs. Dashiell.* 7 *Gill*, 172, *Carter vs. Dennison.* The plea as between creditors is *res inter alios acta.*

5th. The plea of limitations can enure only to the benefit of the party pleading it. It cannot avail *other* creditors or the *trustee.* 3 *Bland*, 498, 499, *Post vs. Mackall.* 3 *G. & J.*, 12, 16, *McCormick vs. Gibson. Alexr's Ch. Pr.* 143.

*Cornelius McLean* for the appellee.

If this action could be maintained, it would be impossible to find persons of responsibility, character and standing, who

would ever consent to act as trustees. The creditors are contesting their right in Harford county court, and while this is going on, one of the same creditors comes into Baltimore county court and sues upon the trustee's bond. Now if the pending controversy in Harford county is not a good defence, the trustee would be put to great inconvenience. If a judgment should be obtained against him, it would not be conclusive as to other creditors. Another creditor could then come forward and put him to the same trouble and the same contestation, and so if there were a hundred, and the money to carry on this litigation must come out of the estate; this statement of the case is a full reply to all the argument on the other side. See the argument of *Mr. Schley*, in *Oyster vs. Annan*, 1 *G. & J.*, 462.

It was the duty of the trustee, by the acts of 1805, ch. 110, sec. 12, and 1827, ch. 70, sec. 3, to distribute the assets upon such notice, and upon such terms, and to such persons, as Harford county court should direct. As to such matters that court was a court of exclusive jurisdiction, and it alone was competent to decide who were, and who were not, creditors, and the amount of the dividend to which each creditor respectively should be entitled. The rejoinder states a full compliance with the terms of this act by the creditors. That court had full jurisdiction of the case, and no other court could take this jurisdiction from it. The ordinary plea of *res inter alios acta*, will not avail where the trustee is only responsible to the extent of assets in his hands. If a judgment in this suit can be maintained, you give to the creditor the power of doing that which the 12th sec. of the act of 1805, ch. 110, prohibits, for there may be collusion between the trustee and the creditor bringing the suit. That section was designed to prevent such proceedings as these.

The act of 1827, ch. 70, sec. 3, makes it the duty of the trustee to pay according to the terms of the 7th sec. of the act of 1805. These two acts present a complete adjudication as against the trustee, and after he has been ordered to pay

State, use of Williams, *vs.* Williams.

accordingly, then, in case of failure, a suit may be instituted on his bond.

To show that the jurisdiction of Harford county court could not be interfered with by a proceeding like the present, and the injury, inconvenience and confusion in which the conflict necessarily arising from such interference would exert, see 52 *Law Lib.*, 502, and 19 *Eng. Ch. Rep.*, 581, *Bars vs. Jackson*, where there had been a contest in relation to an administration in the ecclesiastical court, and the court of chancery, in distributing the funds, would not permit this question to be again agitated, because the ecclesiastical court had exclusive jurisdiction of the subject. See also 3 *Wheaton*, 311, *Gelston vs. Hoyt*, and in our own courts the cases of *Oyster vs. Annan*, 1 *G. & J.*, 462. *Brown vs. Wallace*, 4 *G. & J.*, 493, 509, *Penn vs. Brewer*, 12 *G. & J.*, 113.

Suppose Harford county court had adjudicated the matter and thrown out the plaintiff's claim, or decided that it was barred by limitations, would not this be a good defence? Could the plaintiff be *damaged* in such a case by any act of the trustee, however improper it might be conceded to be? The trustee cannot be regarded as a stranger to the suit in Harford county court, for it was one in which he was directly interested. The decision there was a decree *in rem*, against the fund, and all parties interested in the fund, were parties to the proceeding, and bound by it.

*Yellott* in reply.

The act of 1827, ch. 70, sec. 5, expressly provides, that the trustee's bond may be sued *at any time, by any creditor or party interested in the estate.* Suppose the trustee failed to bring the fund in, can it be said that his bond would not in such a case be liable, because the county court had not decided whether there were any creditors or not? The contest between the creditors may continue more than twelve years, and then the remedy on the bond would be gone by limitations. The proposition contained in *Brown vs. Wallace*, that a judgment of a court of exclusive jurisdiction cannot be

reviewed as to the point at issue between the same parties, is not denied, but here the parties are not the same nor is the point the same.

Mason, J., delivered the opinion of this court.

It is conceded by counsel upon both sides, that the only matter now before this court upon appeal is the overruling of the appellant's demurrer to the third rejoinder of the appellee.

The demurrer to the rejoinder aforesaid presents this question for the determination of this court, namely, whether a creditor of an insolvent debtor can maintain an action upon the trustee's bond for alleged misconduct, neglect or fraud in the administration of the insolvent's estate, while proceedings are pending before the proper tribunal for the purpose of ascertaining and adjusting the claims of the different creditors to dividends from said estate, and especially the claim of the creditor suing upon the bond. The rejoinder, which is admitted by the demurrer, states in substance, that the plaintiff, in pursuance of notice given to the creditors of the insolvent, had filed her claim in Harford county court, and that certain other creditors had excepted to said claim, alleging that it was barred by limitations, and that said exceptions were still pending when the present suit was instituted.

It cannot be denied, that the proper and only tribunal to adjust the claims of creditors, *inter sese*, of an insolvent's estate, was the county court of the county where the insolvent filed his petition for relief under the insolvent laws. This being true Harford county court had properly assumed jurisdiction over the subject matter of the estate of the insolvent, George Williams, and was, at the time of the institution of the present suit, adjudicating upon the claim, among others, of the appellant. It was competent for that tribunal, under the proceedings before it, to have decided that the appellant was no creditor at all of the insolvent. It is clear then, until this fact was determined, no suit could be maintained by her upon the trustee's bond, as no one but a creditor could sue on the bond.

Whether the allegations contained in the present pleadings against the trustee are matters over which Harford county court could exercise jurisdiction under its general power to settle the insolvent's estate, and if so, whether its jurisdiction would be *exclusive*, are questions we do not feel ourselves called upon to decide upon the present appeal. We wish to be understood only as saying, that if a suit like the present, on a trustee's bond, can be maintained at all, it cannot be in the present instance, because we think, for the reasons already assigned, the suit has been prematurely brought.

*Judgment affirmed.*